UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-7580 JVS (SHx) | Date | July 23, 2008 |
| Title | Omar Valdovinos v. County of Los Angeles et al. | | |

Present: The Honorable  James V. Selna

| Nancy Boehme | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers)   ORDER RE MOTIONS IN LIMINE

  Plaintiff Omar Valdavinos ("Valdavinos") and defendants County of Los Angeles *et al.* (collectively "County") seek various forms of relief by way of *in limine* orders. The Court now enters its rulings.

I. Valdavinos' Motion.

  Valdavinos seeks an order that he be permitted to offer his deposition, and that the deposition be redacted to exclude evidence of prior bad acts, including prior crimes.

  By the County's own showing, Valdavinos is unlikely to be available at trial. Valdavinos is not a United States citizen, has been deported, and is unable to obtain a visa to enter the United States. (County Motion *in Limine* No. 1, Ex. G, ¶¶ 3-4, 6.) Assuming Valdavinos is unable to obtain a visa, the Court will allow use of the deposition. All the requisites of Rule 804 of the Federal Rules of Evidence are met here:

> Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

(Fed. R. Evid. 804(b)(1).) The County took two days of Valdavinos' deposition in his earlier, identical case.

  The Court finds that reference to Valdavinos' convictions before and after the present incident are not relevant to his Section 1983 claim, and that to the extent there is any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 06-7580 JVS (SHx)                              Date  July 23, 2008

Title  Omar Valdovinos v. County of Los Angeles et al.

relevance, it is outweighed by the prejudicial effect. The jury might well be led to conclude that it is permissible to use excessive force on someone with prior convictions or the conviction which Valdavinos sustained after the present incident. This is unfair prejudice. The same is true with regard to other bad acts.

Valdavinos is directed to prepare a redacted transcript and to meet and confer with the County to resolve objections to the redactions. The County shall annotate in the margins its objections, if any, and the basis therefor. The transcript shall be lodged with the Court no later than August 4, 2008. The Court will resolve objections with regard to the redactions at the final pretrial conference or shortly thereafter.

II.    The County's Motions.

The County proceeds on these motions in flagrant violation of Local Rule 7-3, the meet-and-confer rule, which provides in part:

> In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. If the proposed motion is one which under the F.R.Civ.P. must be filed within a specified period of time (e.g., a motion to dismiss pursuant to F.R.Civ.P. 12(b), or a new trial motion pursuant to F.R.Civ.P. 59(a)), then this conference shall take place at least five (5) days prior to the last day for filing the motion; otherwise, the conference shall take place at least twenty (20) days prior to the filing of the motion.

(Local Rule 7-3; emphasis supplied.) On June 26, 2008, counsel for the County faxed a two-page letter describing in less than four lines each the nature of the nine motions. (See, e.g., Motion *in Limine* No. 1, Ex. A.) The letter did not fairly apprise Valdavinos of the reasoning behind each motion. The County apparently made no effort to contact Valdavinos' counsel directly, and there was never any interaction. By the time Valdavinos' counsel responded on July 1, 2008, the motions had already been filed that day. In neither substance or form did the County comply with the meet-and confer-requirement.

The Local Rule requires that the meet-and-confer session occur twenty days before the motion is filed. The County waited but four days after its fax, two of which were over a weekend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-7580 JVS (SHx)                                     Date   July 23, 2008

Title      Omar Valdovinos v. County of Los Angeles et al.

       Each of the County's motion *in limine* is denied for gross failure to comply with Local Rule 7-3.[1]

       In addition, the County's Motion *in Limine* No. 2 is not a proper motion *in limine*, but rather is nothing more than a stealth summary judgment motion asking the Court to make a determination whether the harm sustained by Valdavinos rises to a Constitutional level. Even if procedurally proper, the Court would not entertain the motion which avoids the requirements of Rule 56 and strips the plaintiff of the ability to fairly respond.[2]

III.   Conclusion.

       Valdavinos' motion is granted. The County's motions are denied.

       The Court finds that oral argument would not be helpful, and removes the motions from the pretrial conference calendar. Moreover, the Court believes that in view of the delay in the pretrial conference, the parties will benefit in their preparation by having the Court's rulings now.

                                                                                                            0   :   0

                                                                              Initials of Preparer   kjt

---

[1] Contrast the efforts of the County with the efforts of Valdavinos' counsel with regard to Valdavinos' Motion *in Limine* No. 1.

[2] The Court's cursory review of the motions suggests that many lack merit. For example, the County would use Rule 16's expert disclosure requirements to bar the testimony of percipient treating physicians. County Motion *in Limine* No.7. The County seeks to have Valdavinos post a bond for failure to appear at trial, but cites no authority in point by rule or case law that would authorize the Court to require a bond. County Motion *in Limine* No.1.